**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CLAUDE GENE LEE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:06-CV-874-MHT |
| | ) | |
| WESTPOINT HOME, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER**

Defendant WestPoint Home, Inc. ("WestPoint") answers the Plaintiff's complaint as follows:

**FIRST DEFENSE**

Responding to the respective numbered paragraphs of the complaint, WestPoint says as follows:

1.      WestPoint admits that Plaintiff was an employee of WestPoint's facility located in Henry County, Alabama but is without sufficient information or belief to deny or admit the remaining allegations in this paragraph.

2.      WestPoint admits that it does business in Henry County, Alabama and has employed the Plaintiff in its Henry County facility and that such facility is within the Middle District of Alabama.

**JURISDICTION**

3.      WestPoint admits that Plaintiff seeks to invoke the cited laws and statutes. Subject matter jurisdiction is not contested, but WestPoint denies any violation of any of the cited laws or statutes.

172842.1

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Denied.

## FACTS

5.      WestPoint admits that Plaintiff is an African American and was employed with WestPoint from February 1977 until April 2006, over 29 years, and that at the time of his separation from WestPoint, Plaintiff was a third shift supervisor charged with supervising the work of approximately sixty-five to eighty employees.

6.      Denied.

7.      WestPoint admits that Plaintiff was removed from his supervisory position and was replaced by a white male, but denies the remaining allegations of this paragraph

8.      WestPoint admits that Plaintiff chose to be terminated from his employment with WestPoint by declining to accept another position.

## COUNT 1

9.      WestPoint adopts its response to paragraphs one through eight above.

10.     Denied.

11.     Denied.

WestPoint admits that Plaintiff seeks certain relief, but denies that it is liable to Plaintiff in any respect and denies that Plaintiff is entitled to any of the requested relief.

## SECOND DEFENSE

Defendant denies that it has violated any law or statute relative to Plaintiff's employment, and denies that Plaintiff is entitled to any of the relief requested.

## THIRD DEFENSE

Defendant denies that it discriminated in any respect against Plaintiff based on race or color.

## FOURTH DEFENSE

All of the decisions and/or actions challenged as discriminatory in the complaint were undertaken for legitimate, nondiscriminatory, nonretaliatory, nonpretextual reasons.

## FIFTH DEFENSE

In the alternative to the Fourth Defense, some or all of the decisions and/or actions challenged as discriminatory in the complaint would have been undertaken even had Plaintiff not had the protected status alleged.

## SIXTH DEFENSE

In the alternative, Defendant states that it did not willfully or intentionally violate any of the statutes or laws referenced in the complaint.

## SEVENTH DEFENSE

Defendant's actions with respect to Plaintiff were taken in good faith and without discriminatory intent.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims alleged in the complaint are barred by the applicable statute or statutes of limitations.

## NINTH DEFENSE

Plaintiff has failed to satisfy the administrative prerequisites, jurisdictional or otherwise, to maintaining some or all of the claims asserted.

## TENTH DEFENSE

Defendant denies all the allegations not specifically admitted herein.

## ELEVENTH DEFENSE

Defendant reserves the right to amend its Answer and add additional defenses to the extent such defenses are revealed during the discovery process.

## TWELFTH DEFENSE

Plaintiff's race or color has never been a factor or a determinative influence on any employment decision made by WestPoint.

## THIRTEENTH DEFENSE

The equitable or declaratory relief sought by Plaintiff is barred by the doctrines of laches, estoppel, or unclean hands.

## FOURTEENTH DEFENSE

Plaintiff's claims for relief are barred by his failure to mitigate damages, if any.

## FIFTEENTH DEFENSE

The amount of any compensatory or punitive damages award that Plaintiff might recover from WestPoint is subject to the applicable damages caps.


Respectfully submitted this 18th day of October, 2006.


s/ Kelly F. Pate
One of the Attorneys for Defendant



OF COUNSEL:
David R. Boyd (BOY005)
dboyd@balch.com
Kelly F. Pate (FIT014)
kpate@balch.com
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL  36101-0078
334-834-6500
334-269-3115 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid to the following:

Richard E. Crum, Esq.
M. Russ Goodman, Esq.
Cobb, Shealy, Crum, Derrick & Pike, P.A.
206 North Lena Street
Dothan, AL 36303

This the 18th day of October, 2006.


s/ Kelly F. Pate
Of Counsel

172842.1                                            5