## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CLAUDE GENE LEE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:06-CV-874-MHT |
| | ) | |
| WESTPOINT HOME, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT WESTPOINT HOME, INC.'S PROPOSED JURY INSTRUCTIONS

Defendant WestPoint Home, Inc. ("WestPoint") files the attached requested jury instructions for consideration by the Court. WestPoint reserves the right to supplement these instructions during the trial pursuant to Fed. R. Civ. P. 51. WestPoint does not waive any grounds of any motion for judgment as a matter of law that it may file by requesting any instruction contained herein.

Respectfully submitted this the 9th day of October, 2007.


s/Kelly F. Pate
One of the Attorneys for Defendant WestPoint
Home, Inc.


**OF COUNSEL:**
David R. Boyd (BOY005)
dboyd@balch.com
Dorman Walker (WAL086)
dwalker@balch.com
Kelly F. Pate (FIT014)
kpate@balch.com
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

186298.3

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by placing a copy of same in the United States mail, properly addressed and postage prepaid, on this 9th day of October, 2007:

Jay E. Tidwell, Esq.
Veal Cloud & Tidwell, LLC
2112 11th Avenue South, Suite 217
Birmingham, AL 35205

Stephen C. Wallace, Esq.
William M. Dawson, Esq.
Dawson & Wallace, LLC
2229 Morris Avenue
Birmingham, AL 35203

Richard E. Crum, Esq.
M. Russ Goodman, Esq.
Cobb, Shealy, Crum, Derrick & Pike, P.A.
206 North Lena Street
Dothan, AL 36303

s/Kelly F. Pate
Of Counsel

## WESTPOINT'S REQUESTED INSTRUCTION NO. 1

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the corporation.

Given _____

Refused _____

_____
U.S. District Judge

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 2.2 (2005).

## <u>WESTPOINT'S REQUESTED INSTRUCTION NO. 2</u>

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record.  However, as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Given _____

Refused _____

_____
U.S. District Judge

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 2.2 (2005) (modified).

## WESTPOINT'S REQUESTED INSTRUCTION NO. 3

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.


Given _____

Refused _____


                                    _____
                                    U.S. District Judge


Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 2.2 (2005).

## WESTPOINT'S REQUESTED INSTRUCTION NO. 4

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.


Given _____

Refused _____


                                          _____
                                          U.S. District Judge

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 3 (2005).

## WESTPOINT'S REQUESTED INSTRUCTION NO. 5

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?


Given _____

Refused _____


_____
U.S. District Judge


Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 3 (2005).

## WESTPOINT'S REQUESTED INSTRUCTION NO. 6

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Given _____

Refused _____

_____
U.S. District Judge

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 4.1 (2005).

## WESTPOINT'S REQUESTED INSTRUCTION NO. 7

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

Given _____

Refused _____

_____
U.S. District Judge

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 6.2 (2005).

## WESTPOINT'S REQUESTED INSTRUCTION NO. 8

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Given _____

Refused _____

_____
U.S. District Judge

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 6.2 (2005).

**WESTPOINT'S REQUESTED INSTRUCTION NO. 9**

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been removed from his supervisory position and terminated for other reasons even in absence of consideration of the Plaintiff's race. The Defendant contends that the Plaintiff was removed from his supervisory position because of poor job performance and that he was voluntarily terminated because he declined the hourly job offered to him by the Defendant. If you find that the Plaintiff would have been removed from his supervisory position and terminated from employment for reasons apart from the Plaintiff's race, then your verdict will be for the Defendant.

Given _____

Refused _____

_____
U.S. District Judge

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Federal Claims Instructions No. 1.2.1 and 1.3.1 (2005).

## WESTPOINT'S REQUESTED INSTRUCTION NO. 10

WestPoint is entitled to make its own objective business judgments regarding employee discipline or employee discharge and may discipline or discharge any person for any reason other than one based on unlawful discrimination, such as an employee's race.

Given _____

Refused _____

_____
U. S. District Judge

*Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1987).

## WESTPOINT'S REQUESTED INSTRUCTION NO. 11

Terminating an employee for poor performance is legitimate and nondiscriminatory.

Given _____

Refused _____

_____
U.S. District Judge

*Holiefield v. Reno*, 115 F.3d 1555 (11th Cir. 1997).

## WESTPOINT'S REQUESTED INSTRUCTION NO. 12

In this case, Lee makes claims under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's race.

More specifically, Lee makes two claims. First, that he was removed from his supervisory role because of his race, and second, that he was discharged by WestPoint Home because of Lee's race. WestPoint Home denies that Lee was discriminated against in any way. WestPoint Home asserts that Lee was removed from his supervisory position because of his poor job performance. WestPoint Home asserts that Lee voluntarily quit his employment because he did not want to work as a fork lift operator. WestPoint Home denies that it terminated Lee.

In order to prevail on this claim, Lee must prove each of the following facts by a preponderance of the evidence:

First:    That Lee was removed from his supervisory role and discharged from employment by WestPoint Home; and

Second:  That Lee's race was a substantial or motivating factor that prompted WestPoint Home to take those actions.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. So far as you are concerned in this case, an employer may discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of WestPoint Home, even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

14

On the other hand, it is not necessary for Lee to prove that Lee's race was the sole or exclusive reason for WestPoint Home's decision. It is sufficient if Lee proves that race was a determinative consideration that made a difference in WestPoint Home's decision

If you find in Lee's favor with respect to each of the facts that Lee must prove, you must then decide whether WestPoint Home has shown by a preponderance of the evidence that Lee would have been removed from his supervisory position and terminated for other reasons even in absence of consideration of the Lee's race. WestPoint Home contends that Lee was removed from his supervisory position because of poor job performance, and that Lee voluntarily quit working at WestPoint Home when he declined the fork lift job offered to him. WestPoint Home contends that Lee would have been removed from his supervisory position or terminated from employment, for reasons apart from Lee's race. If you agree with WestPoint Home, then your verdict will be for WestPoint Home.

If you find for Lee and against WestPoint Home on its defense, you must then decide the issue of Lee's damages:

In considering the issue of Lee's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Lee's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

 You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Emotional pain and mental anguish; and

(b) Punitive damages, if any (as explained in the Court's instructions).

You should not consider the value of any pay or benefits plaintiff has lost because of the termination.  If you determine that Lee should prevail on one or more of his claims, I will determine the amount of back pay to which he is entitled.

If you find that plaintiff's damages were minor or slight or negligible in amount, you may award a nominal sum such as $1.00.

Given _____

Refused _____

_____

U.S. District Judge


Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Federal Claims Instructions No. 1.2.1 and 1.3.1 (2005) (modified).

## WESTPOINT'S REQUESTED INSTRUCTION NO. 13

Lee has the burden of proving compensatory damages by a preponderance of the evidence. If Lee does not establish that he has experienced emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life because of WestPoint Home's conduct, then he cannot recover compensatory damages. If you determine that Lee has proven by a preponderance of the evidence that he has experienced emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, you may award him damages for those injuries.

When considering the amount of monetary damages to which the plaintiff may be entitled, you should consider the nature, character, and seriousness of any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life, that Lee felt.

Given _____

Refused _____

_____
U.S. District Judge

Model Jury Instructions Employment Litigation, § 1.07[1] (2d Ed. 2005) (modified).

## WESTPOINT'S REQUESTED INSTRUCTION NO. 14

Lee also claims that the acts of WestPoint Home were done with malice or reckless indifference to Lee's federally protected rights so as to entitle Lee to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory action on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for Lee and then further find from a preponderance of the evidence (1) that a higher management official of WestPoint Home personally acted with malice or reckless indifference to Lee's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the defendant for the specific conduct that harmed the plaintiff in the case and for only that conduct. For example, you cannot assess punitive damages against WestPoint Home for closing the Abbeville packaging department. Punitive damages are not meant to punish the defendant for conduct that occurred at another time. If you determine that punitive damages are

appropriate, your only task is to punish WestPoint Home for the actions it took in this particular case.

If you find that punitive damages should be assessed against WestPoint Home, you may consider the financial resources of WestPoint Home in fixing the amount of such damages.

Given _____

Refused _____

_____
U.S. District Judge

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Federal Claims Instructions No. 1.2.1 and 1.3.1 and Supplemental Damages Instructions 2.1 (2005) (modified).

## <u>WESTPOINT'S REQUESTED INSTRUCTION NO. 15</u>

If you find for Lee you must not take into account any consideration of attorney's fees or court costs in deciding the amount of Lee's damages. The matter of attorney's fees and court costs will be decided later by the Court.


Given _____

Refused _____


_____
U.S. District Judge

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Supplemental Damages Instruction No. 6.1 (2005) (modified).

## WESTPOINT'S REQUESTED INSTRUCTION NO. 16

Of course, the fact that I have given you instructions concerning the issue of Lee's damages should not be interpreted in any way as an indication that I believe that Lee should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.


Given _____

Refused _____

_____
U.S. District Judge


Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 7.1 (2005) (modified).

## WESTPOINT'S REQUESTED INSTRUCTION NO. 17

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

### [EXPLAIN THE VERDICTS]

Given _____

Refused _____

_____
U.S. District Judge

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 8 (2005).

**WESTPOINT'S REQUESTED INSTRUCTION NO. 18**

You will take the verdict forms to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the verdict form, date and sign the appropriate form, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.

I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Given _____

Refused _____

_____
U.S. District Judge

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 8 (2005).