**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CLAUDE GENE LEE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:06-CV-874-MHT |
| | ) | |
| WESTPOINT HOME, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**WESTPOINT HOME INC.'S OBJECTIONS TO EVIDENCE**

Defendant WestPoint Home, Inc. pursuant to the Court's Rule 16 Uniform Scheduling

Order, objects to the following exhibits identified by Plaintiff Claude Gene Lee, Sr..

**I.      Complete Personnel Files of Mike Ethridge and Billy Wayne Bedsole**

Lee seeks to offer the personnel files of Mike Ethridge and Billy Wayne Bedsole.  (*See*

doc. 47, Exhibits 28-29.)  These personnel files were never requested nor produced during the

discovery stage of this litigation.  WestPoint Home does not believe Lee could have authentic

copies of these documents.  Although particular documents in these files might be relevant, those

documents have not been identified by Lee, and the personnel files as a whole are not relevant to

the issues of this case and their introduction could mislead the jury and confuse the issues.  Also,

WestPoint Home objects to the introduction of documents from before WestPoint Home

acquired the assets of WestPoint Stevens.  These personnel files should be excluded under Fed.

R. Evid. 401, 402, and 403.

186328.1

II.     **Lee's Complete Personnel File Including All Documents Reflecting Promotions, Transfers, All Commendations, Educational and Trade Background Information, and all Performance Reviews**

Lee seeks to introduce his complete personnel file including all documents reflecting promotions, transfers, all commendations, educational and trade background information, and all performance reviews.  (*See* doc. 47, Exhibits 2, 5, 12, 13, 14, 15[1], 16, 17, 27.)  WestPoint Home does not object to introduction of:  Lee's payroll records after August 2005 (*id*. at those portions of Exhibits 17 and 27); the corrective action reports and personnel notices Lee received from December 2005 through March 2006 leading to his termination (*id*. at Exhibit 5); or the introduction of Lee's performance evaluation covering the year 2005 (*id*. at Exhibit 2 (only as it relates to the appraisal for the calendar year 2005)).  All other documents contained in Lee's personnel file (including commendable notices for perfect attendance and performance evaluations for years 2004 and earlier) are not relevant to the issue of whether Lee was discriminated against because of his race when he was removed from his supervisory position and was voluntarily terminated when he refused the forklift driver position.  Allowing Lee's entire personnel file into evidence will confuse the issues and waste the jury's time.  Also, WestPoint Home objects to the introduction of any documents from before WestPoint Home required the assets of WestPoint Stevens.  The personnel file should be limited to only those

---

[1] This exhibit is Lee's application for employment in 1974.  WestPoint Home objects to introduction of this evidence, as Lee was not continuously employed with WestPoint Home from the date of this application forward.  Instead, Lee was initially hired by WestPoint Stevens in 1974, but later left WestPoint Stevens voluntarily and was rehired in 1977.  Accordingly, Lee's application in 1974 while not only irrelevant to his claim that he was discriminated against on the basis of his race when he was removed from his supervisory position in 2006, it would also be a waste of time and confusing to the jury.  Moreover, Lee was not employed by the defendant, WestPoint Home until August 2005.  This evidence should be excluded pursuant to Federal Rule of Evidence 401, 402, and 403.

documents that are relevant, and as described above, all other documents should be excluded under Fed. R. Evid. 401, 402, and 403.

**III.    Abbeville Plant Employee Relations Report for October 2005**

WestPoint Home objects to Lee's expected introduction of the Abbeville Plant Employee Relations Report for October 2005. (*See* doc. 47 at Exhibit 10.) Lee received his first personnel notice critical of his performance in December 2005. A report from October 2005 has no bearing on Lee's performance at issue (between December 2005 and March 2006), which became unsatisfactory and necessitated written critiques in December 2005, January 2006, February 2006 and March 2006. The October 2005 report is not relevant to the issue at hand and should be excluded pursuant to Fed. R. Evid. 401, 402, and 403.

**IV.    Efficiency Reports and Year to Date Summaries**

WestPoint Home objects to the use of the efficiency reports or packaging efficiency year to date summaries. (*See* doc. 47 at Exhibit 6.) Lee was never written up or critiqued regarding his shift's efficiency production. Efficiency production reflects only the time during which a machine and line are running. Introduction of this evidence will lead to confusion of the issues and will waste the jury's time. It does not relate to the issues for which Lee received disciplinary actions. This evidence should be excluded as it is not relevant to Lee's claim. *See* Fed. R. Evid. 401, 402, and 403.

**V.    Timeline and Damages Exhibits**

WestPoint Home has requested copies of Plaintiff's exhibits 18 and 26, Lee's damages exhibit and timeline exhibit. These documents have not yet been produced.[2] WestPoint Home objects to the introduction of these exhibits because it has not seen them.

---

[2] WestPoint Home has been informed by Plaintiff's counsel that Plaintiff will not introduce a timeline exhibit.

WHEREFORE, PREMISES CONSIDERED, WestPoint respectfully requests that this court grant preclude use of the evidence described herein.

Respectfully submitted this 9th day of October, 2007.

/s/Kelly F. Pate
One of the Attorneys for Defendant WestPoint Home, Inc.

**OF COUNSEL:**
David R. Boyd (BOY005)
dboyd@balch.com
Dorman Walker (WAL086)
dwalker@balch.com
Kelly F. Pate (FIT014)
kpate@balch.com
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by placing a copy of same in the United States mail, properly addressed and postage prepaid, on this 9th day of October, 2007:

Jay E. Tidwell, Esq.
Veal Cloud & Tidwell, LLC
2112 11th Avenue South, Suite 217
Birmingham, AL 35205

Stephen C. Wallace, Esq.
William M. Dawson, Esq.
Dawson & Wallace, LLC
2229 Morris Avenue
Birmingham, AL 35203

Richard E. Crum, Esq.
M. Russ Goodman, Esq.
Cobb, Shealy, Crum, Derrick & Pike, P.A.
206 North Lena Street
Dothan, AL 36303

186328.1

4

/s/Kelly F. Pate
Of Counsel