IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLAUDE GENE LEE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:06-CV-874-MHT |
| ) | |
| WESTPOINT HOME, INC., ) | |
| ) | |
| Defendant. ) | |

### WESTPOINT HOME INC.'S MOTION IN LIMINE

Defendant WestPoint Home, Inc. ("WestPoint") hereby moves this Court *in limine* to prohibit and preclude Plaintiff Claude Gene Lee, Sr., his counsel and his witnesses, from mentioning, referring to, attempting to introduce into evidence or in any way exposing the jury to any information concerning any of the following subjects at any time, including but not limited to, during voir dire, opening statements, the evidentiary phases of the trial, or closing arguments.

**I.    Evidence Related to the Production Efficiency Reports, Goals, or Standards Must be Excluded.**

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "All relevant evidence is admissible[,]" but irrelevant evidence is not admissible and should be excluded. Fed. R. Evid. 402. Evidence regarding the production efficiency numbers is irrelevant because it has no bearing on any fact of consequence in this matter. Lee's removal from his supervisory position was unrelated to his production efficiency. Indeed, none of the written criticisms Lee received from December 2005 until March 2006 leading up to his removal related to production efficiency. (*See* Tabs 1-5 to doc. 51.) Lee was removed from his supervisory position because of his inability to properly

manage and supervise his shift given the new expectations of the Company after the August 2005 asset purchase. His removal from the third shift supervisor position was not in any way related to his shift's production efficiency numbers. Moreover, Lee's ultimate voluntary termination was certainly unrelated to his shift's production efficiency numbers; it was Lee who declined the hourly forklift driver position that he was offered. Accordingly, this evidence should be excluded because it is not relevant.

More importantly, even if such evidence were relevant, which it is not, it must nevertheless be excluded under Rule 403. Even though evidence may be relevant under Rule 402, it may be excluded on other grounds:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Evidence regarding the efficiency production numbers would distract the jury from making a fair assessment of Lee's claim. Allowing this evidence (production efficiency goals, numbers or reports including the year to date reports) will result in confusion, particularly in light of the fact that Lee was never disciplined or criticized regarding his efficiency production percentages.

Lee confuses the production *efficiency* goals with *production* goals or quotas. The two are not the same. The production efficiency numbers relate only to the time during which the lines and machines are running, and not the full eight hour shift for which Lee was responsible. (doc. no. 51, Tab 8, Major dep. at 47:10-48:13). In essence the reports are a gauge of how well the machines are being used *when they are running*. Lee's reliance on production efficiency as a

proxy for his performance as a supervisor misuses this performance criterion and would be confusing for the jury.

Production efficiency was only one part of Lee's supervisory job and apparently it was one with which he had little problem and was not an area about which he was criticized. Allowing evidence of the production efficiency reports and numbers would be confusing to the jury and unfairly prejudicial to WestPoint. It would invite the jury to second guess WestPoint's business decision, which the jury is not allowed to do. Accordingly, this evidence must be excluded.

**II.   Testimony Related to Claims that WestPoint Discriminated Against Other Black Employees, Particularly Clara Thomas and Lottie Benson, Must Be Excluded.**

WestPoint expects that Lee will attempt to present testimony claiming that WestPoint discriminated against other black employees, including Clara Thomas and Lottie Benson. This testimony must be excluded. Lee asserted, *without any basis*, in opposition to summary judgment, that Thomas and Benson were demoted and that they were demoted *because of their race*. (*See* doc. no. 19 at 9, 21.) This is not a pattern and practice case, and Lee has made no such allegation in his complaint. (*See* doc. no. 1.) Allowing testimony related to Lee's claim that Thomas and Benson, both black females, were demoted because of their race or that WestPoint allegedly discriminated against other black employees will undoubtedly prejudice WestPoint.

Under Rule 403 of the Federal Rules of Evidence, "unfair prejudice" "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee notes. Evidence of other allegations of discrimination could trigger an emotional response from the jury and confuse the issues. Allowing this evidence would force WestPoint to defend not only Lee's claim of discrimination,

but also any other allegation of discrimination made by another witness, which may involve a different decision maker, a different point in time, and a different reason for the decision upon which the allegation is based. *See Palmer v. Bd. of regents of Univ. Sys. of Georgia Kennesaw State College*, 208 F.3d 969, 972-73 (11th Cir. 2000) (holding district court did not abuse its discretion in excluding evidence of other persons who had filed discrimination suits against defendant on basis that prejudicial effect outweighed any potential probative value; the district court noted "the prejudice in bringing in the acts alleged by other persons and the confusion cause[d] by this, even if not offered to show propensity, would case the Court to try the three other cases before this jury"). This testimony would not only be unfairly prejudicial to WestPoint, but it would confuse the issues before the jury. This evidence is not relevant to Lee's claim that *he* was removed from his supervisory position and voluntarily terminated because of his race. Therefore, testimony related to allegations of discriminatory acts towards other black employees of WestPoint must be excluded.

**III.    Testimony Regarding Michael Alford's Experience in the Textile Industry Must Be Excluded.**

WestPoint expects that Lee will attempt to introduce testimony regarding Michael Alford's experience in the textile industry. This evidence is not relevant and should be excluded. Alford's experience in the textile industry has no bearing whatsoever on Lee's claim that he was removed from his supervisory position *because of* his race or that his voluntary termination was because of his race. Alford's experience does not make Lee's claim any more or less plausible. Hence, the evidence is not relevant and must be excluded. *See* Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination . . . more probable or less probable . . . .")

IV.   **Lee's Personnel File Prior to August 2005, Including Performance Evaluations for Years 1998 – 2004 and Lee's Commendations Must Be Excluded.**

WestPoint expects that Lee will attempt to introduce evidence of his personnel file during his tenure with WestPoint Stevens and WestPoint Home, Inc., including his performance evaluations for years 1997 through 2004 and evidence of commendations (whether in the form of a personnel notice or otherwise) that Lee received prior to August 2005. These documents are not relevant to Lee's claim that in *March 2006* he was removed from his supervisory position and voluntarily terminated because of his race.

That Lee had many years of perfect attendance and other commendable notices throughout the course of his career with *WestPoint Stevens*, the previous employer, -- prior to the asset purchase in August 2005 -- has no bearing on whether Lee was discriminated against because of his race when he was removed from his supervisory position with *WestPoint Home* because of his inability to perform to the standards required in the new Company environment. The written criticisms that Lee received from December 2005 through March 2006, which lead to his removal from the supervisory position, have nothing at all to do with Lee's attendance.

Moreover, Lee's performance reviews over the course of his career with WestPoint Stevens, before the asset purchase, are not relevant to his removal from his supervisory position in 2006 because of his inability or unwillingness to perform under the new Company management and expectations. Lee's last performance evaluation, prepared in January 2006 covering the year 2005 is the only appraisal that has any bearing on Lee's removal from his supervisory position. The Company environment changed in August 2005 with the asset purchase. Lee's performance was unsatisfactory in the new environment. Evidence relating to evaluations (or other performance notices, commendations or otherwise) in the years prior to the asset purchase is not relevant to the issue of whether Lee was removed from his supervisory

position with WestPoint Home because of his race or because he failed to perform to the level of expectation of the new Company. *See* Fed. R. Evid. 401, 402.

Moreover, allowing Lee to put on a parade of evaluations covering many years and commendable notices (most of which relate to perfect attendance) covering Lee's career with WestPoint *Stevens* will confuse the issues and waste the jury's time. *See* Fed. R. Evid. 403. This evidence must be excluded.

### V. Evidence and Testimony Regarding Any Witnesses' Years of Employment and Performance With WestPoint Stevens

Defendant WestPoint Home, Inc. purchased the assets of WestPoint Stevens, which was in bankruptcy, in August 2005. Along with the asset purchase agreement came a number of changes in many areas of the business, including corporate structure, manufacturing processes, and Company expectations of employees. It is Lee's performance in this new environment that is at issue in this case. That Lee or any other witness may have been employed with the bankrupt company, WestPoint Stevens, or how they performed for that company is not relevant to whether Lee was discriminated against on the basis of his race or whether he was removed from his supervisory position (and later voluntarily terminated) due to his performance after the asset purchase in August 2005. Further, allowing witness testimony of "long tenure" with "WestPoint," or about performance under the standards of a different company will lead to confusion of the issues and mislead the jury as to the distinction attached to the asset purchase in 2005. Pursuant to Rules 401, 402, and 403, Fed. R. Evid., this evidence must be excluded.

WHEREFORE, PREMISES CONSIDERED, WestPoint respectfully requests that this court grant this Motion in Limine precluding use of the evidence described herein.

Respectfully submitted this 9th day of October, 2007.

/s/Kelly F. Pate
One of the Attorneys for Defendant WestPoint Home, Inc.

**OF COUNSEL:**
David R. Boyd (BOY005)
dboyd@balch.com
Dorman Walker (WAL086)
dwalker@balch.com
Kelly F. Pate (FIT014)
kpate@balch.com
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by placing a copy of same in the United States mail, properly addressed and postage prepaid, on this 9th day of October, 2007:

Jay E. Tidwell, Esq.
Veal Cloud & Tidwell, LLC
2112 11th Avenue South, Suite 217
Birmingham, AL 35205

Stephen C. Wallace, Esq.
William M. Dawson, Esq.
Dawson & Wallace, LLC
2229 Morris Avenue
Birmingham, AL 35203

Richard E. Crum, Esq.
M. Russ Goodman, Esq.
Cobb, Shealy, Crum, Derrick & Pike, P.A.
206 North Lena Street
Dothan, AL 36303

/s/Kelly F. Pate
Of Counsel