IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| CLAUDE GENE LEE, SR., | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO: 1:06-cv-874-MHT |
| WESTPOINT HOME, INC., | ) |
| Defendant. | ) |

PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBITS

Plaintiff Claude Gene Lee, Sr. by and through his attorney of record and files this Objection to the following exhibits identified by Westpoint Home Inc.

**I.    Affidavit of Claude Gene Lee and exhibits thereto**

Defendant seeks to offer the Affidavit of Claude Gene Lee and exhibits thereto. Mr. Lee is the plaintiff in this case and will be testifying during trial. This Affidavit and exhibits should be excluded because it is hearsay, it is not the best evidence, and it would be self serving to the defendant.

**II.    December, 2005 Personnel Notice**

Defendant seeks to offer the December, 2005 Personnel Notice of Claude Gene Lee. This exhibit should be excluded because it is hearsay, it is not the best evidence, and it would be self serving to the defendant. The employee who created the exhibit should be required to testify rather than the defendant relying on the exhibit. If the defendant is allowed to introduce the exhibit, the Plaintiff will be prevented from cross examining the person who authored the exhibit.

### III.     January, 2006 Salaried-Exempt Performance Review

Defendant seeks to offer the January, 2006 Salaried Exempt Performance Review of Claude Gene Lee.  This exhibit should be excluded because it is hearsay, it is not the best evidence, and it would be self serving to the defendant.  The employee who created the exhibit should be required to testify rather than the defendant relying on the exhibit.  If the defendant is allowed to introduce the exhibit, the Plaintiff will be prevented from cross examining the person who authored the exhibit.

### IV.     February, 2006 Personnel Notice

Defendant seeks to offer the February, 2006 Personnel Notice of Claude Gene Lee.  This exhibit should be excluded because it is hearsay, it is not the best evidence, and it would be self serving to the defendant.  The employee who created the exhibit should be required to testify rather than the defendant relying on the exhibit.  If the defendant is allowed to introduce the exhibit, the Plaintiff will be prevented from cross examining the person who authored the exhibit.

### V.     March 8, 2006 Corrective Action Report

Defendant seeks to offer the March 8, 2006 Corrective Action Report of Claude Gene Lee.  This exhibit should be excluded because it is hearsay, it is not the best evidence, and it would be self serving to the defendant.  The employee who created the exhibit should be required to testify rather than the defendant relying on the exhibit.  If the defendant is allowed to introduce the exhibit, the Plaintiff will be prevented from cross examining the person who authored the exhibit.

### VI. March 11, 2006 Personnel Notice

Defendant seeks to offer the March 11, 2006 Personnel Notice of Claude Gene Lee. This exhibit should be excluded because it is hearsay, it is not the best evidence, and it would be self serving to the defendant. The employee who created the exhibit should be required to testify rather than the defendant relying on the exhibit. If the defendant is allowed to introduce the exhibit, the Plaintiff will be prevented from cross examining the person who authored the exhibit.

### VII. Recap of events prepared by Claude Lee

Defendant seeks to offer the Recap of events prepared by Claude Lee. Mr. Lee is the plaintiff in this case and will be testifying during trial. This Recap should be excluded because it is hearsay, it is not the best evidence, and it would be self serving to the defendant.

### VIII. Declaration of Frank Major and exhibits thereto

Defendant seeks to offer the Declaration of Frank Major and exhibits thereto. This Declaration along with exhibits should be excluded because it is hearsay, it is not the best evidence, and it would be self serving to the defendant. Mr. Major should be required to testify rather than the defendant relying on this Declaration and exhibits. If the defendant is allowed to introduce the exhibit, the Plaintiff will be prevented from cross examining Mr. Major.

### IX. Declaration of Brendt Murphy and exhibits thereto

Defendant seeks to offer the Declaration of Brendt Murphy and exhibits thereto. This Declaration along with exhibits should be excluded because it is hearsay, it is not

the best evidence, and it would be self serving to the defendant. Mr. Murphy should be required to testify rather than the defendant relying on this Declaration and exhibits. If the defendant is allowed to introduce the exhibit, the Plaintiff will be prevented from cross examining Mr. Murphy.

**X.     Plaintiff's Personnel File**

Plaintiff objects to the introduction of Plaintiff's personnel file to the extent documents in the file have already been objected to.

**XI.    January 4, 2006 Personnel Notice for Clara L. Thomas**

Defendant seeks to offer the January 4, 2006 Personnel Notice for Clara L. Thomas. This exhibit should be excluded because it is hearsay, it is not the best evidence, and it would be self serving to the defendant. The employee who created the exhibit should be required to testify rather than the defendant relying on the exhibit. If the defendant is allowed to introduce the exhibit, the Plaintiff will be prevented from cross examining the person who authored the exhibit.

**XII.   EEOC file**

Defendant seeks to offer the EEOC file into evidence. This exhibit should be excluded because it is hearsay, it is not the best evidence, and it would be self serving to the defendant.

/s/ Jay E. Tidwell
Jay Tidwell (TID009)

OF COUNSEL:

**VEAL CLOUD & TIDWELL, LLC**
2112 11th Avenue South, Suite 217
Birmingham, Alabama 35205
(205) 322-6060 Phone
(205) 326-8981 Fax

                                         /s/ Stephen C. Wallace
                                         Stephen C. Wallace

OF COUNSEL:

**DAWSON & WALLACE, LLC**
2229 Morris Avenue
Birmingham, AL 35203
(205)-323-61070
(205) 278-3430 Fax

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 9th day of October 2007, I have served a copy of the above and foregoing on counsel for all parties by:

| | |
|---|---|
| _____ | Facsimile transmission; |
| _____ | Hand Delivery: |
| _____ | Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to: |
|   X   | Using the CM/ECF system which will send notifications of such to the following: |

David R. Boyd, Esq.
Norman Walker, Esq.
Kelly F. Pate, Esq.
Balch & Bingham LLP
Post Office Box 78
Montgomery, Alabama 36101-0078

                                         /s/ Jay E. Tidwell
                                         Of Counsel

                                         /s/ Stephen C. Wallace
                                         Of Counsel