IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **CLAUDE LEE** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| ) | |
| **V.** ) | |
| ) | **CIVIL ACTION NO. 06-874** |
| **WESTPOINT HOME, INC.** ) | |
| ) | |
| **DEFENDANTS.** ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**GENERAL CHARGES**

1.  The burden is on Plaintiff in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. A preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. In other words, to "establish by a preponderance of the evidence means to prove that something is more likely so than not so. This rule does not, of course, require proof to an absolute certainty since absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Pattern Jury Instructions (Civil) Fifth Circuit §2.20 (2004)

Given_____

Refused_____

_____2.  The Plaintiff is not required to prove that his race was the only reason for the employer's decision, but if you find that the plaintiff has proven by a preponderance of the evidence that race discrimination motivated his employer more probably than not, then you must find for the plaintiff.

  Porter v. Natsios, No. 04-5061, 2005 WL 1540797, at 2 (D.C. Cir. July 1, 2005).

Given_____

Refused_____

_____3.  There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence-- the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

  Federal Instructions, Section 72.03

Given_____

Refused_____

_____4.  You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are

permitted to draw, from facts which you find have been proved, such reasonable inferences as may seem justified in light of your experience.

Inferences are deductions or conclusions which reason and common sense leave the jury to draw from facts which have been established by the evidence in the case.

See Federal Instructions, Section 72.04

Given_____

Refused_____

5. Plaintiff may prove that race was a motivating factor in an adverse employment action through presentation of either direct or circumstantial evidence.

Plaintiff may prove that his termination was because of his race by showing that his race played a motivating role in, or contributed to, the employer's decision.

Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003).

GIVEN_____

REFUSED_____

_____ 6. **DAMAGES-COMPENSATORY**

_____If you find Defendant is liable to plaintiff under Title VII of the CRA of 1964, Plaintiff is also entitled to recover damages in an amount which will reasonably compensate him for the loss of the injury suffered as a result of Defendant's unlawful conduct. You may award Plaintiff reasonable compensation for the following:

1. Pain, suffering, and physical or emotional distress;
2. Embarrassment and humiliation;

3. Any out of pocket expenses or losses incurred as a result of the unlawful discrimination.

You may consider the testimony and the demeanor of the plaintiff in considering and determining a fair allowance for any damages for emotional distress and humiliation.

Emotional harm may manifest itself, for example, as sleeplessness, anxiety, stress, depression, marital strain, embarrassment, humiliation, loss of respect, loss of self-esteem, or excessive fatigue. Physical manifestations of emotional harm may also occur, such as ulcers, headaches, skin rashes, or hair loss.

In the determination of the amount of the award, it will often be impossible for you to arrive at a precise award. These damages are intangible, and it is difficult to arrive at a precise evaluation of actual damage or emotional harm from discrimination. No opinion of any witness is required as to the amount of such reasonable compensation. Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence.

<u>Federal Employment Jury Instructions</u> §1:1230 Compensatory Damages

Given_____

Refused_____

7. In the event you are convinced by the evidence that Defendant discriminated against Plaintiff, then you must determine the amount of damages Plaintiff has sustained.

The law provides that an employer is liable for the actual injury, damage, or harm which resulted from its discriminatory conduct. Therefore, if you should find that Plaintiff

suffered actual injury, damage or harm caused by Defendant, then your verdict must be against Defendant for the amount of backpay and damages caused thereby.

If you find for Plaintiff, Plaintiff is entitled to recover backpay. The measure of the backpay is determined by what Plaintiff would have earned but for the violation here, the termination. To calculate backpay, you must look to the evidence introduced concerning what Plaintiff would have earned or other monies and value of benefits he would have received had he not been terminated.

To determine the amount of backpay, you must make several calculations:

1. First, determine the amount of pay and pay increases Plaintiff would have earned had he not been terminated;

2. Then, determine the value of the employee benefits, including lost pension, Plaintiff would have had if he had not been terminated.

3. Then, subtract the amount Plaintiff earned through other employment following his termination.

The burden of proof on matters regarding mitigation of damages is on Defendant.

Federal Employment Jury Instructions

Given_____

Refused_____

_____8. **PUNITIVE DAMAGES**

_____Plaintiff may recover punitive damages under Title VII against a defendant employer if plaintiff demonstrates that the defendant engaged in discriminatory practice with malice or with reckless indifference to his federally protected rights.

Civil Rights Act of 1991.

GIVEN

REFUSED

### **TITLE VII RACE DISCRIMINATION**

9. It is unlawful for an employer to fail or refuse to promote an individual or otherwise discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of the individual's race. Plaintiff in this case, Claude Lee, alleges that the Defendant, Westpoint Home intentionally terminated him. Defendant denies the claim and asserts it has offered a legitimate reason. It is your responsibility to determine whether Plaintiff has proven his claim by a preponderance of the evidence.

42 U.S.C. §2000e-2(a).

GIVEN_____

REFUSED_____

10. Plaintiff accuses the Defendant of race discrimination in violation of federal law. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant terminated him because of race discrimination. To succeed on his claim, Plaintiff must prove by a preponderance of the evidence that his race was a motivating factor in defendant's decision to terminate him.

It is not your role to second guess defendant's business judgment. Standing alone, honest errors in business judgment do not establish discrimination. Even if you were to decide that plaintiff's termination was neither fair nor wise nor professionally handled, that would not be enough. In order to succeed on the discrimination claim,

plaintiff must persuade you by a preponderance of the evidence that were it not for race discrimination, plaintiff would not have been terminated.

Plaintiff is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other factors. For example, explanations that were given that you find were really pretextual. "Pretextual" means false or not the real reason for the action taken.

Federal Employment Jury Instructions §1:200.10 Essential Elements


Given_____

Refused_____


11. Pretext may be shown by such weaknesses, implausibilities, inconsistences incoherencies, or contradictions in defendant's proffered reasons for its actions that a reasonable person could rationally find them unworthy of credence and hence infer that defendant did not act for the asserted non-discriminatory reasons.

Reeves v. Sanderson Plumbing Prods, Inc. 530 U.S. 133 (2000).

12. You may conclude that Defendant discriminated against Plaintiff under Title VII race discrimination if Plaintiff succeeds in proving his prima facie case and demonstrates that Defendant's asserted justification for the adverse employment action is false.

Reeves v. Sanderson Plumbing Prods, Inc., 530 U.S. 133, 147 (2000).

Given_____

Refused_____

  13. To prove that plaintiff's race was a substantial or motivating factor in the defendant's decision, the plaintiff does not have to prove that his race was the only reason the defendant made the decision.  The plaintiff need only prove that his race was a substantial consideration that made a difference in or influenced the defendant's decision.

  The plaintiff must also prove by a preponderance of the evidence that the act of failure to act by the defendant was a cause-in-fact of the damage plaintiff suffered.  An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages.  The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a proximate cause of the damage plaintiff suffered.  An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

  Adapted from Model Jury Instructions (Civil) Fifth Circuit §10.4 (1999).

Given_____

Refused_____


14. **CONSTRUCTIVE DISCHARGE**

  An employee is constructively discharged, and thus suffers an adverse employment action under Title VII, if a reasonable person under the same or similar circumstances would consider the working conditions to be so intolerable as to be compelled to resign.

  Barrow v. New Orleans S.S. Assn., 10 F.3d 292, 297 (5th Cir. 1994).

GIVEN

REFUSED

        Respectfully submitted,

        <u>S/ Stephen C. Wallace</u>
        Stephen C. Wallace
        William M. Dawson
        2229 Morris Avenue
        Birmingham, AL 35203

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of October, 2007, I served a true and accurate copy of the above and foregoing document upon the following counsel of record, by EFILE:

        <u>S/Stephen C. Wallace</u>
        OF COUNSEL