## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| Claude Gene Lee, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:06-CV-874-MHT |
| | ) | |
| WestPoint Home, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF KELLY F. PATE
## IN SUPPORT OF DEFENDANT'S BILL OF COSTS

Personally appeared before the undersigned officer, duly authorized by law to administer oaths, Kelly F. Pate, who, having been sworn, states, pursuant to 28 U.S.C. § 1924, as follows:

1.     I am an attorney with the law firm of Balch & Bingham LLP, counsel for defendant WestPoint Home, Inc. ("WestPoint") in the above-styled matter. I have personal knowledge of the facts stated in this Affidavit, and I am of legal age and under no legal disability. I am filing this Affidavit with the Court in support of WestPoint Home, Inc.'s Bill of Costs, which is filed simultaneously herewith.

2.     On October 11, 2007, the United States District Court for the Middle District of Alabama entered judgment in favor of WestPoint on all claims in the above-referenced case and ordered that WestPoint be awarded costs. (doc. nos. 66, 67.)

3.     Pursuant to the Order of this Court, Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1920, WestPoint, as a prevailing party, is now entitled to recover its costs incurred in this litigation.

4.      WestPoint has on this day filed a proper Bill of Costs, duly verified by me as counsel for WestPoint, requesting $3,993.81 in total costs incurred by it in this litigation. *See* Exhibit A, attached hereto. These requested costs are detailed as follows:

A.      WestPoint seeks $1,245.05 in court reporter fees for transcribing and producing copies of transcripts of the necessary depositions conducted in this case: Plaintiff Claude Gene Lee ($914.55) and WestPoint employee Frank Major ($350.30). *See* Exhibit A, Tab 1

B.      WestPoint seeks $34.35 (Summary Judgment submissions doc. nos. 12, 13, 14, 51, 52 (229 pp. @ .15)) in costs and fees and disbursements for printing. *See* Exhibit A.

C.      WestPoint seeks costs for service of witness subpoenas for trial on October 22, 2007 (6 subpoenas @ 45.00 (270.00), plus $113.32 additional charge from process server for finding correct addresses and serving witnesses (total $383.32)). *See* Exhibit A., Tab 2.

E.      WestPoint issued and served along with the subpoenas checks for witness appearance fees and mileage for the anticipated length of the trial (four days). The cancelled checks attached and listed on the Witness Fees Computation Chart were unrecoverable by WestPoint. (Note: the cancelled checks for witnesses Etheridge and Thomas have not been received as of November 7, 2007.)

D.      Five copies of WestPoint's exhibits (1-31) for trial: three sets for Court per Order (doc. no. 54); one copy for plaintiff for use at trial; one copy for defendant for use at trial totaling 4,065 pages x .15 = $609.75.

5.    Under my direction, Balch & Bingham's Accounting Department and my legal assistant, Kitty Powell, assembled the documents and information underlying WestPoint's Bill of Costs. I have reviewed this information, and I have personal knowledge of the items claimed therein. The attachments hereto are true and correct itemizations of the costs claimed in WestPoint's Bill of Costs.

6.    To the best of my knowledge, each item contained and claimed in WestPoint's Bill of Costs and described herein is correct and is an actual amount incurred or expended by WestPoint in defending this case. Each of these costs was absolutely and necessarily required and was reasonably incurred in the representation of WestPoint and, as such, these costs should be awarded to WestPoint.

7.    Pursuant to Federal Rule of Civil Procedure 54(d), WestPoint should be granted its costs as described above and as sought by its contemporaneously filed Bill of Costs in the full amount of $3,993.82.

Further Affiant saith not.

Respectfully submitted this the 8th day of November, 2007.

_Kelly J. Pate_
Kelly F. Pate
One of the Attorneys for Defendant WestPoint
Home, Inc.


SWORN TO and SUBSCRIBED before me this the 8th day of November, 2007.

_Evelyn R. Pruiel_
Notary Public

My commission expires _12/30/2010_

**OF COUNSEL:**
David R. Boyd (BOY005)
dboyd@balch.com
Dorman Walker (WAL086)
dwalker@balch.com
Kelly F. Pate (FIT014)
kpate@balch.com
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

### CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by placing a copy of same in the United States mail, properly addressed and postage prepaid, on this 8th day of November, 2007:

Jay E. Tidwell, Esq.
Veal Cloud & Tidwell, LLC
2112 11th Avenue South, Suite 217
Birmingham, AL 35205

Stephen C. Wallace, Esq.
William M. Dawson, Esq.
Dawson & Wallace, LLC
2229 Morris Avenue
Birmingham, AL 35203

Richard E. Crum, Esq.
M. Russ Goodman, Esq.
Cobb, Shealy, Crum, Derrick & Pike, P.A.
206 North Lena Street
Dothan, AL 36303

Kelly J. Patt
Of Counsel

# EXHIBIT A

AO 133 (Rev. 9/89) Bill of Costs

# UNITED STATES DISTRICT COURT

_____MIDDLE_____ District of _____ALABAMA_____

### BILL OF COSTS

_____CLAUDE GENE LEE_____

V.

_____WESTPOINT HOME, INC._____

Case Number: 1:06cv874-MHT

Judgment having been entered in the above entitled action on ___10/11/2007___ against __Claude Gene Lee__, the Clerk is requested to tax the following as costs:
Date

| | |
|---|---:|
| Fees of the Clerk ................................................................................................................ | $ _____ |
| Fees for service of summons and subpoena ........................................................................ | 383.32 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case .......... | 1,245.05 |
| Fees and disbursements for printing................................................................................... | 34.35 |
| Fees for witnesses (itemize on reverse side) ...................................................................... | 1,320.30 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case ................................. | 1,010.80 |
| Docket fees under 28 U.S.C. 1923 ..................................................................................... | _____ |
| Costs as shown on Mandate of Court of Appeals ...................................................................... | _____ |
| Compensation of court-appointed experts................................................................................ | _____ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 .................. | _____ |
| Other costs (please itemize) .............................................................................................. | _____ |
| TOTAL $ | 3,993.82 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

---

### DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to: __Jay Tidwell_____.

Signature of Attorney: _Kelly J. Pate_____

Name of Attorney: _____Kelly F. Pate_____

For: ___WestPoint Home, Inc._____     Date: _____11/8/2007_____
Name of Claiming Party

Costs are taxed in the amount of __3,993.82_____ and included in the judgment.

_____     By: _____     _____
Clerk of Court                          Deputy Clerk                    Date

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| Frank Major | 1 | 40.00 | | | 252 | 121.94 | $161.94 |
| Mike Etheridge | 4 | 160.00 | | | 234 | 113.06 | $273.06 |
| Michael Lingo | 4 | 160.00 | | | 217 | 105.32 | $265.23 |
| Clara Thomas | 4 | 160.00 | | | 276 | 133.78 | $293.78 |
| Bob Turner | 4 | 160.00 | | | 342 | 166.32 | $326.32 |
| | | | | | **TOTAL** | | $1,320.30 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
    "Except when express provisions therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of the course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
    "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
    "Entry of the judgment shall not be delayed for the taxing of costs."

# TAB 1

# HAISLIP, RAGAN, GREEN, STARKIE & WATSON, P.C.

Post Office Box 62
Montgomery, AL  36101-0062
(334) 263-4455 Voice   (334) 263-9167 Fax
Tax ID: 63-0980443

July 18, 2007

Ms. Kelly Pate
Balch & Bingham
Suite 200
105 Tallapoosa Street
Montgomery, AL 36104

| Invoice Number |
| **LN 70462** |

**Description of services**   Re: Lee vs. WestPoint Home

| Reference | | | | Extension |
|---|---|---|---|---|
| Original & 1 | Claude Gene Lee | 203.00 | 2.950 | 598.85 |
| Dirty ASCII | Claude Gene Lee | 203.00 | 1.000 | 203.00 |
| Appearance-Full day | July 17, 2007 | 1.00 | 100.00 | 100.00 |
| Scanned Documents | | 68.00 | 0.150 | 10.20 |
| Delivery charge | | 1.00 | 2.500 | 2.50 |
| | | **Invoice total:** | | **$914.55** |

Thank you -- Lisa Nix

Thank you for using HAISLIP, RAGAN, GREEN, STARKIE & WATSON, P.C.  Please include copy of invoice with remittance.

Payable upon receipt. Thank you for your continued patronage.

# FREEDOM REPORTING, INC.

*367 Valley Avenue - Birmingham, AL 35209*
*Toll Free: 1-877-373-3660*
*205-397-2397 Fax: 205-397-2398*
*www.freedomreporting.com*
*Tax ID Number: 20-2776665*

Kelly F. Pate
Balch & Bingham, LLP (Montgomery)
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104

September 18, 2007

**Invoice#** 00041950

**Balance:**    $350.30

**Re:** Claude Gene Lee, Sr. vs. Westpoint Home, Inc.
Montgomery/1:06-CV-874-MHT/Frank Lamont Major, III
*on* 08/29/07
*by* Denese Barrett

## *Invoicing Information*

| Charge Description | Amount |
|---|---|
| Copy: 166 pages | 340.30 |
| Condensed/concordance(s): | 10.00 |

Deponent: Frank Lamont Major, III

**P l e a s e   R e m i t   - - - >   Total Due:    $350.30**

*All Invoices are due within 30 days of receipt*

# TAB 2

# BOBBY SORRELLS INVESTIGATIONS

# INVOICE

16817 W. U.S. 84
NEWTON, AL 36352
Phone 334-797-6886  Fax 4-692-3100

DATE:10/10/07

**TO: KELLY PATE**
Attorney at Law
105 Tallapoosa St Suite 200
Montgomery, AL 36104-3515
**[Phone]**

FOR: CLAUDE GENE LEE V. WESTPOINT HOME, INC

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Mileage 178 mi @ $0.44 | | | $78.32 |
| Locate correct address for Thomas  three extra trips to serve, three trips to serve Bledsole, locate correct address for Walker | | | $80.00 |
| This total reflects $45.00 less amount for the fee received for service on Woodrow Sluss | | | |
| | | TOTAL | $113.32 |

**Thank you for your business!**

**TAB 3**



Check# 23126   10/16/2007      315.00









Check# 23143   10/18/2007      113.32

## Amend Disbursements Detail : Claude Gene Lee,. Sr.

Disbursement Code    Disbursement Summary

_Cancel_

**Client Name**      WestPoint Home, Inc.
**Matter Number**    009107.005
**Proforma Number**  146826

| Index | Date | Disbursement | Quantity | Original Worked Amount | Amended Billable Value | Description | Voucher | Vendor | Vendor Number |
|-------|------|--------------|----------|------------------------|------------------------|-------------|---------|--------|---------------|
| | | | | | | Paid to the Order of - | | | |
| 1627232 | 10/3/2007 | 020 | 1.00 | 161.94 | 161.94 | 9/26/07 Paid to the Order of - Frank Majors Witness | 159196 | Frank Majors | 22326 |
| 1 | | | | | | Paid to the Order of - | | | |
| | 10/3/2007 | 020 | 1.00 | 100.34 | 100.34 | | 159438 | Kelly Pate | 18537 |
| | | | | 250.20 | 250.20 | | | | |
| 1 | | | | | | | | | |
| 1629516 | 10/9/2007 | 020 | 1.00 | 265.23 | 265.23 | Paid to the Order of - Michael Lingo | 159589 | Michael Lingo | 22359 |
| | | | | | | Paid to the | | | |
| 1629523 | 10/9/2007 | 020 | 1.00 | 293.78 | 293.78 | Order of - Clara Thomas | 159591 | Clara Thomas | 22361 |
| 1629526 | 10/9/2007 | 020 | 1.00 | 326.32 | 326.32 | Paid to the Order of - Bob Turner | 159593 | Bob Turner | 22362 |
| 1 | | 020 | | | | | | | |
| 1629531 | 10/9/2007 | 020 | 1.00 | 315.00 | 315.00 | Bobby Sorrells Process | 159595 | Bobby Sorrells | 22364 |
| 1629548 | 10/9/2007 | 020 | 1.00 | 273.06 | 273.06 | Paid to the Order of - Mike Ethridge | 159596 | Mike Ethridge | 22365 |
| 1631717 | 10/15/2007 | 020 | 1.00 | 113.32 | 113.32 | Paid to the Order of - Bobby Sorrells Reversal from | 160018 | Bobby Sorrells | 22364 |

AO 88 (Rev. 1/94) Subpoena in a Civil case

### Issued by the
# UNITED STATES DISTRICT COURT

**Middle** _____ **DISTRICT OF** _____ **Alabama**

### SOUTHERN DIVISION

Claude Gene Lee, Sr.

v.

## SUBPOENA IN A CIVIL CASE

WestPoint Home, Inc.

CASE NUMBER: [1] 1:06cv874-MHT

TO:    E.D. Walker
       509 Hollon Street
       Headland, AL 36345

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY<br>UNITED STATES DISTRICT COURTHOUSE<br>100 WEST TROY STREET<br>DOTHAN, ALABAMA | COURTROOM |
| --- | --- |
| | DATE AND TIME<br>OCTOBER 22-25, 2007 9:00 A.M. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following document or objects at the place, date, and time specified below (list documents or objects):

Describe documents to be produced

| PLACE | DATE AND TIME |
| --- | --- |
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Kelly F. Pate, attorney for Defendant* | DATE<br>OCTOBER 9, 2007 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

KELLY F. PATE
BALCH & BINGHAM, LLP
P.O. BOX 78
MONTGOMERY, AL 36101

(SEE RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D ON REVERSE)

AO 88 (Rev. 1/94) Subpoena in a Civil case

---

[1] If action is pending in district other than district of issuance, state district under case number.

186224.2

PROOF OF SERVICE

DATE _10_/_10_/_07_     PLACE _708 First Family Dr Headlond A_

SERVED _Adell Walker (wife) Person_

SERVED ON (PRINT NAME) _____ MANNER OF SERVICE _____

_Robert L. Sorrells_

SERVED BY (PRINT NAME) _Robert L Sorrell_     TITLE _Process Server_

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _10/10/07_
DATE

SIGNATURE OF SERVER _Robert L Sorrell_

ADDRESS OF SERVER _16817 W VS 84 Newton, Al 3635,_

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil case

## Issued by the
# UNITED STATES DISTRICT COURT

**Middle** _____    **DISTRICT OF** _____ **Alabama**

**SOUTHERN DIVISION**

Claude Gene Lee, Sr.

v.

WestPoint Home, Inc.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 1:06cv874-MHT

TO:    Michael Lingo
      103 Hall Street
      Abbeville, AL 36310

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY UNITED STATES DISTRICT COURTHOUSE 100 WEST TROY STREET DOTHAN, ALABAMA | COURTROOM |
|---|---|
| | DATE AND TIME OCTOBER 22-25, 2007 9:00 A.M. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following document or objects at the place, date, and time specified below (list documents or objects):

Describe documents to be produced

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Kelly F. Pate, attorney for defendant* | DATE OCTOBER 9, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

KELLY F. PATE
BALCH & BINGHAM, LLP
P.O. BOX 78
MONTGOMERY, AL 36101

(SEE RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D ON REVERSE)

AO 88 (Rev. 1/94) Subpoena in a Civil case

_____

[1] If action is pending in district other than district of issuance, state district under case number.
186224 2

**PROOF OF SERVICE**

| | | |
|---|---|---|
| _10/10/07_ | | _103 Hall St Abbeville, Al_ |
| DATE | PLACE | |

SERVED _Michael Lingo_                    _Person_
SERVED ON (PRINT NAME)                    MANNER OF SERVICE

_Robert L Sorrells_                    _Process Server_
SERVED BY (PRINT NAME)    TITLE

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _10/10/07_ ·                    _Robert L Sorrell_
DATE                                SIGNATURE OF SERVER

ADDRESS OF SERVER _1681 W US 84_
_Newton, Al 36352_

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense of a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.

(B)  If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party or
(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

186224.2

AO 88 (Rev. 1/94) Subpoena in a Civil case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF          Alabama

### SOUTHERN DIVISION

Claude Gene Lee, Sr.

v.

WestPoint Home, Inc.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  1:06cv874-MHT

TO:    Mike Ethridge
       1136 County Road 53
       Abbeville, AL 36310

☒  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY<br>UNITED STATES DISTRICT COURTHOUSE<br>100 WEST TROY STREET<br>DOTHAN, ALABAMA | COURTROOM |
| --- | --- |
| | DATE AND TIME<br>OCTOBER 22-25, 2007 9:00 A.M. |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following document or objects at the
place, date, and time specified below (list documents or objects):

Describe documents to be produced

| PLACE | DATE AND TIME |
| --- | --- |
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each
person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Kelly J. Pate , attorney for defendant* | DATE<br>OCTOBER 9, 2007 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

KELLY F. PATE
BALCH & BINGHAM, LLP
P.O. BOX 78
MONTGOMERY, AL 36101

(SEE RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D ON REVERSE)

[1] If action is pending in district other than district of issuance, state district under case number.

186224.7

AO 88 (Rev. 1/94) Subpoena in a Civil case

## PROOF OF SERVICE

10/10/07 DATE — 1113 CoRd 53 Abbeville, Al PLACE

SERVED

Mike Etheridge SERVED ON (PRINT NAME) — MANNER OF SERVICE person

Robert L Sorrells SERVED BY (PRINT NAME) — TITLE process server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 10/10/07 DATE

Robert L Sorrells
SIGNATURE OF SERVER

16817 W US 84
ADDRESS OF SERVER
Newton, Al 36352

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense of a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF          Alabama

### SOUTHERN DIVISION

Claude Gene Lee, Sr.

## SUBPOENA IN A CIVIL CASE

v.

WestPoint Home, Inc.

CASE NUMBER: [1] 1:06cv874-MHT

TO:      Bob Turner
         528 County Road 101
         Abbeville, AL 36310

☒  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY UNITED STATES DISTRICT COURTHOUSE 100 WEST TROY STREET DOTHAN, ALABAMA | COURTROOM |
|---|---|
| | DATE AND TIME OCTOBER 22-25, 2007 9:00 A.M. |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following document or objects at the place, date, and time specified below (list documents or objects):

Describe documents to be produced

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Kelly L. Pate, attorney for defendant* | DATE OCTOBER 9, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

KELLY F. PATE
BALCH & BINGHAM, LLP
P.O. BOX 78
MONTGOMERY, AL 36101

(SEE RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D ON REVERSE)

---

[1] If action is pending in district other than district of issuance, state district under case number.
186224.4

AO 88 (Rev. 1/94) Subpoena in a Civil case

**PROOF OF SERVICE**

| DATE | PLACE |
|------|-------|
| 10/10/07 | 528 Co Rd 101 Abbeville, Al |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| Juanita Turner    X Juanita Turner (wife) | person |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
| Robert L. Sorrells | Process Server |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 10/10/07
DATE

SIGNATURE OF SERVER    Robert L Sorrells

ADDRESS OF SERVER    16817 N US 84    Newton, Al 36352

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

186224.4

ʔO 88 (Rev. 1/94) Subpoena in a Civil case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF          Alabama

#### SOUTHERN DIVISION

Claude Gene Lee, Sr.

## SUBPOENA IN A CIVIL CASE

v.

WestPoint Home, Inc.

CASE NUMBER: [1] 1:06cv874-MHT

TO:    Billy Wayne Bedsole
       103 Gordon Drive
       Abbeville, AL 36310

☒  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY UNITED STATES DISTRICT COURTHOUSE 100 WEST TROY STREET DOTHAN, ALABAMA | COURTROOM |
|---|---|
| | DATE AND TIME OCTOBER 22-25, 2007 9:00 A.M. |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following document or objects at the place, date, and time specified below (list documents or objects):

Describe documents to be produced

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Kelly F. Pate, attorney for defendant* | DATE OCTOBER 9, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

KELLY F. PATE
BALCH & BINGHAM, LLP
P.O. BOX 78
MONTGOMERY, AL 36101

(SEE RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D ON REVERSE)

---

[1] If action is pending in district other than district of issuance, state district under case number.
186224.6

 AO 88 (Rev. 1/94) Subpoena in a Civil case

| | PROOF OF SERVICE | |
|---|---|---|
| DATE _10/10/07_ | | PLACE _103 Gordon Dr, Abbeville, Al_ |

| SERVED | _Billy Wayne Bledsole_ | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE  _person_ |

| SERVED BY (PRINT NAME) _Robert L Sorrells_ | | TITLE _Process Server_ |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _10/10/07_
DATE

SIGNATURE OF SERVER _Robert L Sorrells_

ADDRESS OF SERVER _16817 W US 84_
_Newton, Al 36352_

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense of a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

186224 6

AO 88 (Rev. 1/94) Subpoena in a Civil case

## Issued by the
# UNITED STATES DISTRICT COURT

**Middle** _____ **DISTRICT OF** _____ **Alabama**

### SOUTHERN DIVISION

Claude Gene Lee, Sr.

v.

WestPoint Home, Inc.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  1:06cv874-MHT

TO:    Clara Thomas
       1950 County Road 54W
       Abbeville, AL 36310

☒  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY<br>UNITED STATES DISTRICT COURTHOUSE<br>100 WEST TROY STREET<br>DOTHAN, ALABAMA | COURTROOM |
|---|---|
| | DATE AND TIME<br>OCTOBER 22-25, 2007 9:00 A.M. |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following document or objects at the place, date, and time specified below (list documents or objects):

Describe documents to be produced

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Kelly F. Pate / Attorney For Defendant* | DATE<br>OCTOBER 9, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

KELLY F. PATE
BALCH & BINGHAM, LLP
P.O. BOX 78
MONTGOMERY, AL 36101

(SEE RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D ON REVERSE)

AO 88 (Rev. 1/94) Subpoena in a Civil case

---

[1] If action is pending in district other than district of issuance, state district under case number.
1862243

*10/10/07*
DATE

**PROOF OF SERVICE** *1850 Co Rd 54 w  Abbeville, Al*
PLACE

SERVED *Clara Thomas*
SERVED ON (PRINT NAME)

*Person*
MANNER OF SERVICE

*Robert L Sorrells*
SERVED BY (PRINT NAME)

*Process Server*
TITLE

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on *10/10/07*
DATE

*Robert L Sorrell*
SIGNATURE OF SERVER

*16817 N US 84*
ADDRESS OF SERVER

*Newton, Al 36352*

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense of a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.